IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| KURTIS LEE BROWN, | : |
| Plaintiff, | : |
| VS. | : |
| | : CASE NO.: 5:17-CV-249-MTT-TQL |
| GEORGIA STATE BOARD OF | : |
| PARDONS & PAROLES, *et al.*, | : |
| Defendants. | : |

## ORDER

Plaintiff Kurtis Lee Brown, a prisoner who is presently incarcerated at the Autry State Prison in Pelham, Georgia, filed a *pro se* complaint seeking relief pursuant 42 U.S.C. § 1983. Plaintiff also seeks leave to proceed *in forma pauperis*. As discussed below, Plaintiff has three strikes under the Prison Litigation Reform Act, so he may not proceed *in forma pauperis*. The Court therefore **DENIES** Plaintiff's motions for leave to proceed *in forma pauperis* (ECF Nos. 2, 9), and this action is **DISMISSED without prejudice**. Plaintiff's remaining pending motions (ECF Nos. 6, 8, 10) are **DENIED as moot**.

## ANALYSIS

Federal law bars a prisoner from bringing a civil action in federal court *in forma pauperis*

> if [he] has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This is known as the "three strikes provision." Under § 1915(g), a prisoner incurs a "strike" any time he has a federal lawsuit or appeal dismissed on the grounds that it is (1) frivolous, (2) malicious, or (3) fails to state a claim. *See Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999); *see also Daker v. Comm'r, Ga. Dep't of Corr.*, 820 F.3d 1278, 1283-84 (11th Cir. 2016) (confirming that "these three grounds are the *only* grounds that can render a dismissal a strike"). Once a prisoner incurs three strikes, his ability to proceed *in forma pauperis* in federal court is greatly limited: leave to proceed *in forma pauperis* may not be granted unless the prisoner is under imminent danger of serious physical injury. *Medberry*, 185 F.3d at 1192.

A review of court records on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") database reveals that Plaintiff has filed multiple federal lawsuits and that at least three of his complaints or appeals have been dismissed as frivolous, malicious, or for failure to state a claim. *See, e.g.,* Order Dismissing Compl., *Brown v. Howerton*, ECF No. 8 in Case No. 1:11-CV-4080-RWS (N.D. Ga. Feb. 9, 2012) (dismissing for failure to state a claim); Order Dismissing Compl., *Brown v. Thomas*, ECF No. 14 in Case No. 4:07-CV-0124-WTM-GRS (S.D. Ga. Dec. 8, 2008) (adopting recommendation of dismissal for abuse of the judicial process which specifically indicated that the case should count as a strike for purposes of § 1915(g));[1] Order

---

[1] The Eleventh Circuit has upheld as "strike-worthy" dismissals, such as the one in this case, where a prisoner has lied under penalty of perjury about the existence of a prior lawsuit. *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199, 214 (2007). The court observed that such a dismissal for abuse of the judicial process "is precisely the type of strike that Congress envisioned when drafting section 1915(g)." *Id.*; *see also Pinson v. Grimes*, 391 F. App'x 797, 798-99 (11th Cir. 2010) (per curiam) (failure to disclose previously filed cases properly results in strike).

Dismissing Compl., *Brown v. McConnell*, ECF No. 9 in Case No. 4:09-CV-0086-WTM-GRS (S.D. Ga. July 27, 2009) (adopting recommendation of dismissal where claims were *Heck*-barred and therefore failed to state a claim); *see also* Order Dismissing Compl., *Brown v. Ga. Dep't of Corr.*, ECF No. 6 in Case No. 1:12-cv-03353-RWS (N.D. Ga. Oct. 31, 2012) (adopting recommendation of dismissal based on § 1915(g)).[2] Plaintiff is accordingly barred from prosecuting this action *in forma pauperis* unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

To qualify for this exception, a prisoner must allege specific facts that describe an "ongoing serious physical injury," or "a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Sutton v. Dist. Attorney's Office*, 334 F. App'x 278, 279 (11th Cir. 2009) (per curiam) (internal quotation marks omitted). Complaints of past injuries are not sufficient. *See Medberry*, 185 F.3d at 1193. Vague and unsupported claims of possible dangers likewise do not suffice. *See White v. State of Colo.*, 157 F.3d 1226, 1231 (10th Cir. 1998). The exception to § 1915(g) is to be applied only in "genuine emergencies," when (1) "time is pressing," (2) the "threat or prison condition is real and proximate," and (3) the "potential consequence is serious physical injury." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

---

[2]The Court notes that Plaintiff has filed complaints using several different aliases that have been recognized by the Georgia Department of Corrections, including Curtis Lee Brown and Kurtis Ladell Brown. http://www.dcor.state.ga.us/GDC/Offender/Query (search Brown, Kurtis) (last visited Sept. 27, 2017); *see also* Report & Recommendation, *Brown v. Thomas*, ECF No. 12 in Case No. 4:07-cv-00124-WTM-GRS (S.D. Ga. Oct. 10, 2008) (noting "plaintiff's willingness to use aliases in filings with this Court," including "Curtis Lee Brown" and "Curtis L. Brown").

In this case, Plaintiff is claiming that Defendants "retroactively increased his mandatory time of incarration [sic]" by nearly forty months and have refused to consider him for parole. Compl. 5, ECF No. 1. Plaintiff alleges this increase in the length of his sentence "is clear[ly] prohibited by ex post facto prohibitions" in the United States Constitution, and Plaintiff seeks compensatory damages as a result. *Id.* at 5-6. These allegations in no way suggest that Plaintiff is presently in imminent danger. As such, Plaintiff will not be permitted to proceed *in forma pauperis* pursuant to § 1915(g), and his Complaint should be dismissed without prejudice to his right to refile with pre-payment of the full $400 filing fee. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (per curiam) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g).").

## CONCLUSION

For the foregoing reasons, Plaintiff's motions to proceed *in forma pauperis* in this action (ECF Nos. 2, 9) are **DENIED** and this action is **DISMISSED WITHOUT PREJUDICE**. If Plaintiff wishes to bring a new civil rights action, he may do so by submitting a new complaint form and the full filing fee. Plaintiff's remaining pending motions (ECF Nos. 6, 8, 10) are **DENIED as moot.**

**SO ORDERED**, this 4th day of October, 2017.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT